UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
DONTE BOOKER,                                 :    CASE NO. 1:18-CV-0107
                                              :
           Petitioner,                        :
                                              :
vs.                                           :    OPINION & ORDER
                                              :    [Resolving Doc. No. 1]
WARDEN JENNIFER SAAD,                         :
                                              :
           Respondent.                        :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Donte Booker filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is currently incarcerated in FCI-Elkton serving a sentence for attempted possession of cocaine imposed by this United States District Court on March 12, 2013. He contends two prior state robbery convictions, and his prior abduction convictions and attempted felonious assault no longer qualify as predicate offenses under the United States Sentencing Guidelines ("USSG") § 4B1.1 based on the Sixth Circuit's opinion in *United States v. Powell*, 798 F. 431 (6th Cir. 2015) and *United States v. Pruitt*, Case No. 1:15 CV 2452 (N.D. Ohio Mar. 14, 2017). For the reasons set forth below, the Petition is denied and the action is dismissed.

**I. Background**

Petitioner was convicted in this Court on charges of attempted possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(a)(A) and 846. At sentencing, the Court classified Booker as a career offender under USSG § 4B1.1 based on Booker having at least two prior felony convictions for a crime of violence, namely a

1986 robbery conviction, a 2010 attempted felonious assault conviction, and a 2010 abduction conviction. The latter two convictions were merged for sentencing. With the career offender enhancement, the Court sentenced Booker to 200 months in prison.

Booker filed a direct appeal; however, the Sixth Circuit Court of Appeals affirmed his conviction and sentence. Petitioner then filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in 2015, raising grounds other than those asserted in this Petition. Both this Court and the Sixth Circuit denied him a certificate of appealability.

In May 2017, Petitioner filed a Motion for Authorization to file a second or successive § 2255 Motion. The Sixth Circuit denied the request. In December 2017, Booker then filed another Motion for Authorization to file a second or successive § 2255 Motion. With that motion, Booker asserted the grounds he asserts in this Petition. Specifically, he claimed: (1) his 1986 and 1987 Ohio robbery convictions no longer qualified as crimes of violence after the Sixth Circuit's decisions in *United States v. Johnson*, 708 F. App'x 245 (6th Cir. 2017), and *United States v. Yates*, 866 F. 3d 723 (6th Cir. 2017); (2) based on the Sixth Circuit's decision in *United States v. Powell*, 798 F.3d 431 (6th Cir. 2015), neither of his robbery convictions could be predicate offenses because he received an intervening summons between his 1986 robbery charge and his 1987 robbery charge; (3) his 2010 abduction conviction no longer qualifies as a predicate offense after this Court's decision in *United States v. Pruitt*, Nos. 1:04 cr 489, 1:15 CV 2452, 2017 WL 359094 (N.D. Ohio Jan. 25, 2017); and (4) his 2010 attempted felonious assault conviction no longer qualifies as a predicate offense because he was sentenced for it on the same day he was sentenced for the abduction conviction and therefore they constitute a single offense under the career offender Guidelines enhancement. The Sixth Circuit again denied him permission to proceed with a successive Petition.

Undeterred, Petitioner now seeks to assert the same claims under 28 U.S.C. § 2241. He contends that because he is barred from bringing them under § 2255, that remedy is inadequate and ineffective to test the legality of his sentence. He suggests this enables him to bring the claims in a § 2241 Petition.

## II. Legal Standard

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."[1] Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. Analysis

A federal prisoner must challenge the legality of his conviction or sentence by filing a Post-Conviction Motion under 28 U.S.C. § 2255 with the trial court.[2] A Habeas Corpus Petition under §2241 may be used by a federal prisoner only to challenge the manner in which his

---

[1] 28 U.S.C. § 2241(a).
[2] *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

3

sentence is being carried out, such as the computation of sentence credits or parole eligibility.[3] Each of these statutes provides its own type of relief, and for this reason, they are not interchangeable.

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 Petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision only when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute.[4] This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by Motion under § 2255, or where he did assert his claim in an earlier § 2255 Motion and was denied relief.[5] Actual innocence means factual innocence, not mere legal insufficiency.[6] To invoke the savings clause, Petitioner therefore must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after Petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent Motions; (3) which is retroactive; and (4) which applies to the merits of the Petition to make it more likely than not that no reasonable juror would have convicted him.[7]

---

[3] *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).
[4] *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241").
[5] *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).
[6] *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).
[7] *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

Here, Petitioner challenges his sentence. He therefore cannot proceed with his claims in a § 2241 Petition unless he can demonstrate his claims fall within the savings clause. First, Petitioner already attempted, twice, to bring these claims in a successive § 2255 Petitions and the Sixth Circuit denied him authorization to do so. His remedy under § 2255 is not inadequate or ineffective simply because he did not prevail on his § 2255 Motions.

Second, Petitioner has not demonstrated a new United States Supreme Court rule of statutory interpretation. In fact, the Supreme Court determined the advisory sentencing guidelines do not violate the Due Process Clause and that, as a result, the career offender guideline's residual clause is not void for vagueness.[8] Third, the cases Plaintiff cites as support for his second, third and fourth grounds for relief are not relevant to his case. The *Pruitt* case challenged a sentencing enhancement under the Armed Career Criminal Act, which imposed mandatory minimums, not the advisory sentencing guidelines.[9] Powell raised his challenge on his direct appeal, not in a § 2241 Petition.[10] Petitioner's claims do not fit within the narrow exception of the savings clause and he cannot bring them in a § 2241 Petition.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 22, 2018        *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[8] *Beckles v. United States*, 137 S. Ct. 886, 897 (2017).
[9] *United States v. Pruitt*, Case No. 1:15 CV 2452, 2017 WL 359094 (N.D. Ohio Mar. 14, 2017).
[10] *United States v. Powell*, 798 F.3d 431 (6th Cir. 2015).